UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ELONZO WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00226-TWP-MG |
| ) | |
| STATE OF INDIANA, ) | |
| OFFICE OF THE PROSECUTING ATTORNEY: ) | |
| CHILD SUPPORT ENFORCEMENT VIGO ) | |
| COUNTY COURT, ) | |
| VIGO COUNTY CIRCUIT COURT: JUVENILE ) | |
| DIVISION, ) | |
| VIGO COUNTY SHERIFF'S OFFICE, ) | |
| TERRY MODESITT, ) | |
| MEGAN N RAMSEY, and ) | |
| AMANDA THOMPSON, ) | |
| ) | |
| Defendants. ) | |

### ENTRY SCREENING COMPLAINT AND DIRECTING SERVICE

On February 8, 2022, the Court issued a Notice of Deficiency, explaining that *pro se* Plaintiff Brian Elonzo Ward ("Ward") was required to pay the filing fee or alternatively file a motion to proceed *in forma pauperis* in order for his case to proceed (Filing No. 4). Ward has paid the filing fee, so the *pro se* Amended Complaint is now ripe for screening (Filing No. 3).

### I.  Screening

Although he is not proceeding *in forma pauperis*, the Court still has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen Ward's Amended Complaint before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In this civil action, *pro se* plaintiff Ward alleges that while he was on active duty orders, the Defendants allowed multiple income withholding orders to be submitted against him and hearings took place with verifying Wards status and without him being properly served. Ward seeks injunctive relief from the garnishment of his wages and tax liens as well as compensatory damages based on his allegations of fraudulent paternity proceedings in Indiana state court, which deprived him of his due process rights and violated the Servicemembers Civil Relief Act (50 U.S.C. § 3901, *et seq.*) (Filing No. 3 at 2–3, 5–6). At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is

without prejudice to the filing of a proper Rule 12 motion by the Defendants once they have been served.

## II.  Service of Process

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court orders service for *pro se* plaintiff Ward. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendants State of Indiana, Office of the Prosecuting Attorney: Child Support Enforcement Vigo County Court, Vigo County Circuit Court: Juvenile Division, Vigo County Sheriff's Office, Terry Modesitt, Megan N. Iliff (Ramsey), and Amanda Thompson in the manner specified by Rule 4(d). Process shall consist of the Amended Complaint (Filing No. 3; Filing No. 3-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date:   2/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Elonzo Ward
5900 Barclay Drive, 151324
Alexandria, VA 22315

State of Indiana
Office of the Indiana Attorney General
302 W. Washington St., 5th Floor
Indianapolis, IN 46204

Office of the Prosecuting Attorney
Child Support Enforcement Vigo County Court
33 South 3rd Street, #3
Terre Haute, IN 47807

Vigo County Circuit Court
Juvenile Division
202 Crawford Street
Terre Haute, IN 47807


Vigo County Sheriff's Office
201 Cherry Street
Terre Haute, IN 47807

Terry Modesitt
Megan N. Iliff (Ramsey)
Amanda Thompson
33 South 3rd Street
Terre Haute, IN 47807